IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLLEEN CODDINGTON,                          3:12-CV-00481-AC

      Plaintiff,                          ORDER

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a federal public
entity; WILLIAMS, WILLIAMS &
McKISSICK, LLC, an Oklahoma
corporation; NATIONAL VENDOR
MANAGEMENT SERVICES, INC., and
DOES 2010,

      Defendants.


STEVEN M. McCARTHY
McCARTHY LAW OFFICES
1265 Highway 51
Independence, OR 97351
(503) 763-1888

      Attorney for Plaintiff


1 -  ORDER

**ANGELA M. STEWART**
**LAW OFFICE OF JOHN E. SNARSKIS**
5885 Meadows Road, Suite 801
Lake Oswego, OR 97035
(503) 270-4852

   Attorney for Federal National Mortgage Association and
   Williams, Williams & McKissick, LLC

**GEORGE S. PITCHER**
**RACHEL A. ROBINSON**
**WILLIAMS, KASTNER & GIBBS, PLLC**
888 S.W. Fifth Avenue, Suite 600
Portland, OR 97204-2025
(503) 228-7967

   Attorneys for National Vendor Management Services, Inc.


**BROWN, Judge.**

  Magistrate Judge John V. Acosta issued Findings and

Recommendation (#45) on May 9, 2013, in which he recommends the

Court grant Defendants' Motions (#22, #29) for Summary Judgment.

Plaintiff filed timely Objections to the Findings and

Recommendation.  The matter is now before this Court pursuant to

28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

  When any party objects to any portion of the Magistrate

Judge's Findings and Recommendation, the district court must make

a *de novo* determination of that portion of the Magistrate Judge's

report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall,* 561

F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328

F.3d 1114, 1121 (9th Cir. 2003)(*en banc).*


2 -  ORDER

## <u>FINDINGS AND RECOMMENDATION</u>

This is a premises liability case in which Plaintiff alleges she was injured on property owned by Defendant Federal National Mortgage Association (Fannie Mae) while the property was scheduled to be sold at an auction to be conducted by Fannie Mae's agent, Defendant Williams, Williams & McKissick, LLC (WW&M).  Magistrate Judge Acosta concluded (1) Plaintiff was a trespasser or licensee at the time of the accident and (2) there is not any evidence from which it could be found that Defendants breached any duty to Plaintiff.

Plaintiff raises seven Objections:

**I.    Yellow Auction Signs and the Black Disclaimer Sign.**

Plaintiff argues Judge Acosta misconstrued the evidence because the photograph of a yellow driveway auction sign submitted by Defendant is not the same as the photograph submitted by Plaintiff.  Plaintiff's argument fails because both of the signs contain the language that Judge Acosta relied on to find Plaintiff was not expressly or impliedly "invited" to walk around the side of the property.  Pl.'s Decl. (#34) at ¶ 9; Fogerty Decl. (#27) at ¶ 5; Findings and Recommendation at 12. Both of the signs say "real estate auction" and "See PUBLIC NOTICE Posted on Property."  Based on that language, Judge Acosta found "[t]he yellow auction sign invites the members of the public to view only the posted public notice near the house's

3 -   ORDER

front porch, and nothing more." Findings and Recommendation
at 12.

Plaintiff, however, argues Judge Acosta erred when he also
considered a black-and-white sign that contained the following
language:

> Warning:   Property is being monitored.
> Damage or removal is unlawful and will be
> prosecuted.   Inspect premises at own risk.
> Seller nor auctioneer [sic] liable for
> hidden defects, dangers, conditions or any
> damages to person or property while in, on,
> or about this property.

Fogerty Decl., Exs. A, B.

Judge Acosta noted the parties disagree over the existence
of the black-and-white sign, and Plaintiff did not recall seeing
the sign when she entered the property.  There is not any
dispute, however, that the language was posted in some form at
the front of the house even though Plaintiff does not acknowledge
that she actually read the warning or disclaimer.  In any event,
Judge Acosta considered the disclaimer language for the purpose
of a potential expansion of the invitation to enter the premises,
and, therefore, it was for Plaintiff's benefit.  The Court,
therefore, concludes on this record that Judge Acosta's
consideration of the disclaimer language is not error.

**II. Admissibility of Evidence.**

Plaintiff contends Judge Acosta erred by relying on
inadmissible photographs included with the Fogerty Declaration.

4 -  ORDER

The photographs are part of the "sign check report" dated
November 4, 2010, prepared by Defendant National Vendor
Management Services, Inc. (NVMS) in which NVMS verifies (with
attached photographs) that the signs were installed.  Fogerty
Decl., Ex. E at 1.

On this record the Court finds Fogerty's Declaration and the
NVMS report constitute an adequate foundation for these records.
In addition, the Court concludes there is not a material factual
dispute as to the content of the signs.

### III.  There Was Not any Error Arising From Plaintiff's Purported Contradictory Statements.

Judge Acosta stated:

> [Plaintiff's} declarations regarding the yellow
> auction sign are somewhat contradictory, in that she
> disputes the existence of the sign on one hand
> (Coddington Decl. ¶ 1, 11) but also claims
> there were "signs on the property indicating
> that it was up for auction." (Coddington Decl.
> ¶ 4.

Findings and Recommendation at 8-9.  Plaintiff argues there was
not a contradiction in her Declaration.  Regardless whether there
was a contradiction in Plaintiff's Declaration, the Court
concludes on this record that Judge Acosta properly considered
the evidence in the light most favorable to Plaintiff, and,
therefore, the Court finds Judge Acosta did not err.

### IV.  The "Invitation" to Enter the Property Was Limited to the Front Porch.

Plaintiff merely reiterates her arguments made before Judge

Acosta.  The Court agrees with Judge Acosta's findings, and,
therefore, on this record the Court does not find any error.

**V.   The Disclaimer Language Was Not Used to Determine Plaintiff's Status.**

As noted, Judge Acosta considered the disclaimer language
only for the purpose of determining whether there was a potential
expansion of the invitation to enter the premises that would
benefit Plaintiff.

On this record, therefore, the Court concludes Judge Acosta
did not err.

**VI.   Plaintiff Did Not Satisfy the Public Invitation or Economic Benefit Tests.**

Plaintiff merely reiterates her arguments made before Judge
Acosta.

On this record the Court concludes Judge Acosta did not err.

**VII.   There Were Not Any Contradictory Representations by Defendants.**

Plaintiff merely reiterates her arguments made before Judge
Acosta.

Having reviewed the record, the Objections, and the Response
to Objections, the Court concludes on this record that Judge
Acosta did not err.

### MOTION (#52) FOR CERTIFICATION OF QUESTIONS
### TO THE OREGON SUPREME COURT

Plaintiff requests this Court to certify two questions of law to the Oregon Supreme Court:

(1) What duties does a landowner, who posts signs upon its property advertising it for sale or auction, owe to a visitor?

(2) Should the classifications of trespasser, licensee, and invitee, and the immunities from liability predicated upon those classifications, continue to be conferred upon the possessor of land?

Before the Oregon Supreme Court will consider whether to exercise its discretion to hear certified questions, five statutory criteria must be met:  (1) the certification must come from a court designated by the statute; (2) the question must be one of law; (3) the applicable law must be Oregon law; (4) the question must be one that "may be determinative of the cause"; and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of this court or the Oregon Court of Appeals.  Or. Rev. Stat. § 28.200.  *See also Western Helicopter Serv., Inc. V. Rogerson Aircraft Corp.,* 311 Or. 361, 364 (1991).

The first four requirements can be determined objectively by the certifying court prior to certification.  *Id.* at 366.  The fifth requirement is subjective, and the certifying court must

7 -  ORDER

satisfy itself that it is not certifying questions of law already controlled by existing Oregon appellate precedent. *Id.* Based on the analysis above, this Court does not recommend certification because the questions presented are already controlled by Oregon law and further clarification by Oregon courts is not necessary.


## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Acosta's Findings and Recommendation (#45) and, accordingly, **GRANTS** Defendants' Motions (#22, #29) for Summary Judgment. The Court also **DENIES** Plaintiff's Motion (#52) for Certification of Questions to the Oregon Supreme Court.

IT IS SO ORDERED.

DATED this 9th day of August, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


8 - ORDER